Filed 12/6/24  P. v. Vahimarae CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082715 |
| v. | (Super.Ct.No. SWF2300930) |
| KEENAN MOTAI VAHIMARAE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Henry M. Elias (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Bernard Schwartz, Judges.  Affirmed.

Keenan Motai Vahimarae, in pro. per.; Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Keenan Motai Vahimarae of false imprisonment (Pen. Code,[1] § 236), willfully inflicting corporal injury on a dating partner (Pen. Code, § 273.5, subd. (a)), and possession of illegal drug paraphernalia (Health & Saf. Code, §11364).  He appealed and this court appointed counsel; appellate counsel reviewed the record and, after consulting with Appellate Defenders, Inc., filed a no-issue brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Notified of his right to do so, defendant filed a supplemental brief in which he contends surgery on his deputy public defender's shoulder on "my last day of statutory time" did not constitute good cause to continue his trial.  He also reiterates his trial testimony concerning his view of the underlying facts.  As we briefly explain *post*, we find no basis for reversal and therefore affirm the judgment.

## STATEMENT OF THE CASE

In pretrial proceedings on September 25, 2023, the trial court found good cause to continue the trial based on "what I would say is [a] joint 1050.  Each party has filed a 1050."  (See § 1050, subd. (e) [providing for continuation of trial date "upon a showing of good cause"].)  Defense counsel requested the continuance a week earlier based on a medical procedure scheduled for the trial date, with a two-week recovery period, and the prosecutor joined in the request.  Defendant objected, "Today's supposed to be my last day," but the court explained "your attorney just had surgery, she's unavailable" and found good cause for a continuance.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

Defendant testified at trial, as did his girlfriend (Jane Doe) and a third party witness who was exercising at the park in Temecula where defendant and his girlfriend had an altercation. The responding police officer also testified. The jury's verdict reflects that it credited the witness's testimony that he heard defendant physically attack Doe after a heated argument in the park bathroom, saw her "very injured" face when they exited, and saw defendant drag her "like a rag doll" to his car. Doe confirmed defendant hit her, but said it was in the stomach; she also testified he struck her in the face with a water bottle.[2] The jury did not believe defendant's account that it was the witness who struck Doe in the face, swinging his jump rope as they tried to pass by.

Following the jury's verdict, the court found in bifurcated proceedings five aggravating factors (Cal. Rules of Court, rules 4.421(a)(1), 4.421(a)(3), 4.421(b)(1)-(3)) to be true, as well as a prior strike allegation (§ 667, subd. (c), (e)(1)). The court denied defendant's motion to strike the strike. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court sentenced defendant to an aggregate term of seven years four months in prison.

## DISCUSSION

In filing his appellate opening brief, counsel set forth a detailed statement of the case and the facts and requested our independent review under *Wende* and *Anders*. Counsel listed as possible issues for our consideration: (1) Did the trial court violate defendant's right to a speedy trial when it found good cause to continue the trial beyond

---

[2] Doe gave birth to defendant's child a month prior to the incident.

3

the last day under section 1382?  (2) Was there sufficient evidence to sustain the corporal injury to a spouse or cohabitant conviction?  (3) Did the sentencing court abuse its discretion when it denied defendant's *Romero* motion?  (4) Did the court err when giving CALCRIM No. 3500 rather than CALCRIM No. 3502, as requested by defendant?  If so, was the error prejudicial?

For his part, defendant contends that when his trial attorney told him about her upcoming surgery, "I told her I wanted to go propur [*sic*] . . . or have a different public defender because it was violating my constitutional rights."  The record does not indicate defendant sought a *Marsden* hearing or otherwise made the trial court aware of his position.  (See *People v. Marsden* (1970) 2 Cal.3d 118.)  Thus, defendant's claim furnishes no basis for reversal because it is unsupported by the record on appeal; furthermore, belated claims of ineffective assistance of counsel are not suitable for review on direct appeal.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Defendant's remaining contentions are similarly unavailing.  These include his assessment of the relevance that "the victim in this case was not pressing charges" and his assertions that the third-party witness "lied" in his testimony and was actually the one who caused Doe's "bleeding because he was swinging his jump[]rope."  These attempts to relitigate the trial do not aid defendant because of the bedrock principle of appellate review:  "All of the evidence most favorable to the respondent must be accepted as true, and that unfavorable discarded as not having sufficient verity to be accepted by the trier of fact."  (*In re Teel's Estate* (1944) 25 Cal.2d 520, 527.)

4

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id*. at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                              
                                                    J.


We concur:


McKINSTER                          
                    Acting P. J.


FIELDS                             
                    J.